1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A&M RECORDS, a division of UMG
RECORDINGS, INC., as successor-in-interest
to A&M RECORDS, INC., a Delaware
corporation,

                    Plaintiff,

     v.

RAJAN PARASHAR, an individual,

                    Defendant.

No.  2:15-cv-00559

**NOTICE OF REMOVAL**

[King County Superior Court
Case No. 15-2-06051-1 SEA]

TO:        Clerk, United States District Court for the Western District of Washington;

AND TO:     Plaintiffs A&M Records;

AND TO:     David C. Neu, Lauren E. Sancken, and K&L Gates LLP, Attorneys for Plaintiff.


     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant Rajan Parashar hereby removes this action, originally filed in the Superior Court of the

State of Washington for King County (Case No. 15-2-06051-1), to the United States District

Court for the Western District of Washington at Seattle.  In support of this removal, Defendant

states as follows:[1]

---

[1] Defendants expressly preserve all Rule 12(h) objections.  *See* Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1395 (3d ed. 2004) ("When a defendant removes an action from a state court in which

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## Removal is Timely

1.      Plaintiffs filed this action in King County Superior Court on March 12, 2015. With the consent of Defendant, a copy of the Summons and Complaint was served on the Defendant electronically, by and through the undersigned counsel, on the same day.

2.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendant received the Summons and Complaint.

## Diversity Jurisdiction Exists

3.      Removal of this action to this Court is appropriate because "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

4.      This is a civil action over which this Court has original jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states.  28 U.S.C. § 1332(a), § 1332(a)(1).

5.      **Amount in Controversy.**  The amount in controversy exceeds $75,000, exclusive of interests and costs.  "In actions seeking [equitable] relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).  The principal relief sought in this action is an order compelling Defendant to "immediately surrender possession of the Master Recordings" to Plaintiff.  Compl., Prayer for Relief ¶ 1.  Therefore, the "object" of the litigation is the Master Recordings themselves, and their value—which exceeds $75,000—thus constitutes the amount in controversy.  *See Hunt*, 432 U.S. at 347.

6.      **Citizenship.**  Complete diversity exists because Plaintiff is a Delaware corporation which, on information and belief, has its principal place of business in California, Compl. ¶ 1.1, and Defendant is a citizen and resident of Washington state, Comply. ¶ 1.2.

he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenberg* v. *Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

**Intradistrict Assignment**

5.      Under Local Civil Rules 3(d) and 101(e), removal is proper to the Western District of Washington at Seattle because a substantial part of the alleged events or omissions that give rise to the claims occurred in King County.  *See* Compl. ¶ 1.3.

**Procedural Requirements**

6.      Removal to the Western District of Washington at Seattle is proper because the district and division embrace King County, Washington, where this action was originally filed. *See* 28 U.S.C. §§ 1441(a) and 128(b).

7.      All defendants consent to removal.  *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

8.      Copies of the Summons and Complaint and all other materials served on the Defendant are attached to this Notice of Removal as **Exhibit A**.

9.      A copy of the complete state court record is attached to the Verification of State Court Records, which is being filed concurrently with this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(b).

10.     After filing this Notice of Removal, the Removing Defendant will promptly give written notice to Plaintiffs' counsel and file a copy of this Notice with the Clerk of the King County Superior Court pursuant to 28 U.S.C. § 1446(d).

DATED this 9th day of April, 2015.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Rajan Parashar*

By *s/ Warren J. Rheaume*

By *s/ James Harlan Corning*

Warren J. Rheaume, WSBA #13627
James Harlan Corning, WSBA #45177
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Tel: (206) 622-3150; Fax: (206) 757-7700
Email: warrenrheaume@dwt.com
Email: jamescorning@dwt.com

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this day I caused a copy of the foregoing to be served upon the

3 following counsel of record via messenger:

4
David C. Neu
Lauren E. Sancken
5 K&L Gates LLP
925 Fourth Avenue, Suite 2900
6 Seattle, WA  98104-7580
*Attorneys for Plaintiff*
7

8 I declare under penalty of perjury that the foregoing is true and correct.

9
DATED this 9th day of April, 2015.
10

11
By *s/ James Harlan Corning*
James Harlan Corning, WSBA #45177
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL (2:15-cv-00559) — 4
DWT 26597056v1 0100940-000001

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# EXHIBIT A

FILED

15 MAR 12 AM 11:24

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-2-06051-1 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

A&M Records, a division of UMG Recor

VS

Rajan Parashar, an individual

NO.  15-2-06051-1 SEA

CASE INFORMATION COVER SHEET
AND AREA DESIGNATION

CAUSE OF ACTION

**(MSC) -**     OTHER COMPLAINT/PETITION (MSC 2)

AREA DESIGNATION

**SEATTLE -**     Defined as all King County north of Interstate 90 and including all
of Interstate 90 right of way, all of the cities of Seattle, Mercer
Island, Issaquah, and North Bend, and all of Vashon and Maury
Islands.

1

2

3

4

5

6

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     IN AND FOR THE COUNTY OF KING

8

| | |
|---|---|
| 9  A&M RECORDS, a division of UMG RECORDINGS, INC., as successor-in-interest to A&M RECORDS, INC., a Delaware corporation, | No. |
| 10 | COMPLAINT |
| 11 | |
| 12                    Plaintiff, | |
| 13       v. | |
| 14  RAJAN PARASHAR, an individual, | |
| 15                    Defendant. | |

16      Plaintiff A&M Records, a division of UMG Recordings, Inc., as successor-in-

17  interest to A&M Records, Inc. ("A&M"), through its undersigned attorneys, K&L Gates

18  LLP, complains and alleges as follows:

19                    **I.      PARTIES, VENUE AND JURISDICTION**

20      1.1      Plaintiff A&M is a Delaware corporation.  A&M is the owner of certain

21  master recordings, as described in more detail below, embodied on the album "Temple of

22  the Dog" (the "Album"), the personal property that is the subject of this lawsuit.

23      1.2      Defendant Rajan Parashar ("Raj Parashar" or "Defendant") is an individual

24  who resides in Washington State.

25

COMPLAINT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1.3     All actions giving rise to this Complaint concern the master recordings embodied on the Album.  Upon information and belief, the Album was recorded at London Bridge Studios in Seattle, Washington in the early 1990s.  Upon information and belief, London Bridge Studios was owned by Defendant and his brother, Rakesh Parashar ("Rick Parashar"), at the time of recording the Album.

1.4     The Superior Court of Washington for King County has jurisdiction over the Parties pursuant to RCW Ch. 7.64 and over the subject matter of this action pursuant to RCW 2.08.010.

1.5     Venue is proper in the Superior Court of Washington for King County pursuant to RCW 4.12.010(2) because the personal property is located in King County, Washington, and pursuant to RCW 4.12.020(3) because the Defendant resides in King County.

## II.     FACTUAL ALLEGATIONS

### A.     The Temple of the Dog Agreements.

2.1     Temple of the Dog was a Seattle-based band, formed in 1990, comprised of Christopher Cornell, Stone Gossard, Matthew Cameron, Michael McCready, and Jeff Ament (collectively, the "Artists").

2.2     Over a period of 15 days, in November and December 1990, the Artists recorded music for the Album.

2.3     On or around February 13, 1991, A&M Records, Inc. and the Artists entered into an agreement (the "Artist Agreement") whereby the Artists agreed to deliver the master recordings of the Album, including phonograph records and other reproductions made therefrom, together with the embodied performances, and all copyrights, renewals and extensions (collectively, the "Master Recordings") to A&M and

COMPLAINT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

acknowledged that A&M owns the Master Recordings under the terms of the Artist

Agreement.

2.4     On or around April 16, 1991, the Album was released.

2.5     On or around December 3, 1993, the Artists and Rick Parashar, entered

into an agreement (the "Producer Agreement"), whereby Rick Parashar agreed to produce

the Album.  On information and belief, the Producer Agreement memorialized the terms

of an earlier oral agreement pursuant to which Rick Parashar agreed to produce the

Album.  Defendant was not a signatory to the Producer Agreement, and upon information

and belief, Defendant was not a signatory to any agreements with the Artists or with

A&M.

2.6     As reflected in Section 2 of the Producer Agreement, Rick Parashar and

Temple of the Dog agreed to the following terms regarding ownership of the Album and

its embodiments:

> [Rick Parashar] hereby acknowledge[s] and agree[s] that the Masters and
> all phonograph records and other reproductions made therefrom, together
> with the performances embodied therein and all copyrights therein and
> thereto, and all renewals and extensions thereof, shall, as between [Rick
> Parashar] and [the Artists], be entirely [the Artists'] property, free of any
> claims whatsoever by [Rick Parashar] or any other person, firm, or
> corporation.

2.7     Pursuant to Section 3 of the Producer Agreement, Rick Parashar and the

Artists agreed to the following terms regarding compensation:

> In full consideration of any and all services rendered by [Rick Parashar]
> with respect to the Masters and for any and all rights granted by [Rick
> Parashar] to [the Artists] with respect thereto, [the Artists] shall pay to
> [Risk Parashar] the sum of Thirty-Five Thousand Dollars ($35,000),
> payable promptly after [Rick Parashar's] execution hereof.  [Rick Parashar]
> hereby acknowledge[s] that [he is] not entitled to any royalties, fees or
> other compensation whatsoever with respect to the services performed by

COMPLAINT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

[Rick Parashar] in connection with the Masters or any exploitation thereof except as expressly provided herein.

2.8     On information and belief, on or about February 3, 1994, pursuant to the terms of the Producer Agreement, Rick Parashar was paid a sum of $35,000 in full consideration for his work in producing the Album.

2.9     Plaintiff A&M, a division of UMG Recordings, Inc. became the successor-in-interest to A&M Records, Inc.

**B.     A&M's Discovery of Defendant's Wrongful Possession of the Master Recordings.**

2.10    Prior to May 14, 2013, A&M believed the Artists to be in possession of the Master Recordings.  On or about May 14, 2013, a representative of the Artists contacted A&M and informed A&M that Defendant and Rick Parashar were in possession of the Master Recordings.

**C.     A&M's Demands for the Master Recordings.**

2.11    On or about October 28, 2013, Todd Waxler, Senior Director of Business Affairs for Universal Music Enterprises, a division of UMG Recordings, Inc., sent a letter to Matthew Freeman, manager for Rick Parashar, notifying him that the Master Recordings are A&M's property, that A&M is entitled to immediate possession.

2.12    After receiving no response, on or about November 4, 2013, Mr. Waxler again sent a letter to Mr. Freeman.  Mr. Freeman eventually responded that Defendant, not his brother Rick Parashar, was in possession of the Master Recordings.

2.13    On or about November 11, 2013, Mr. Waxler again sent a letter to Defendant notifying him that the Master Recordings are A&M's property and demanded that Defendant immediately surrender possession to A&M.

2.14    On or about December 12, 2013, Mr. Waxler again followed up with Defendant regarding the immediate surrender of the Master Recordings.  On or about

COMPLAINT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   December 19, 2013, Defendant responded that his business manager, Madelyn Loreen,

2   would be handling the matter.

3        2.15    On or about August 14, 2014, Rick Parashar passed away.

4        2.16    Despite multiple demands, Defendant refuses to surrender possession of

5   the Master Recordings to A&M.

6                          III.    FIRST CAUSE OF ACTION:

7                                  Action for Replevin

8        3.1    The above paragraphs 1.1 through 2.16 are incorporated herein by

9   reference.

10       3.2    A&M has an ownership right in the Master Recordings.

11       3.3    Defendant is in possession of the Master Recordings.

12       3.4    Despite multiple written demands and notice, Defendant has refused to

13  surrender possession of the Master Recordings to A&M.

14       3.5    A&M is entitled to immediate delivery and possession of the Master

15  Recordings under RCW Ch. 7.64.

16                         IV.    SECOND CAUSE OF ACTION:

17                                 Conversion

18       4.1    The above paragraphs 1.1 through 3.5 are incorporated herein by reference.

19       4.2    A&M has an ownership right in the Master Recordings.

20       4.3    Defendant is in possession of the Master Recordings.

21       4.4    Despite multiple written demands and notice, Defendant has refused to

22  surrender possession of the Master Recordings to A&M.

23       4.5    Defendant has no basis, in contract or otherwise, upon which to demand

24  payment or to withhold possession of the Master Recordings from A&M.

25       4.6    Defendant is knowingly, intentionally, and willfully interfering with

COMPLAINT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

A&M's lawful right to possession of the Master Recordings and depriving A&M of the use of the Master Recordings by his wrongful detention.

4.7     On the basis of Defendant's knowing, intentional, willful, and unlawful refusal to return the Master Recordings, A&M has suffered and will continue to suffer irreparable harm, loss and damages in an amount to be determined at trial.

## V.     THIRD CAUSE OF ACTION:

### Trespass to Chattels

5.1     The above paragraphs 1.1 through 4.7 are incorporated herein by reference.

5.2     A&M has an ownership right in the Master Recordings.

5.3     Defendant is in possession of the Master Recordings.

5.4     Despite multiple written demands and notice, Defendant has refused to surrender possession of the Master Recordings to A&M.

5.5     Defendant is willfully interfering with A&M's lawful right to possession of the Master Recordings and is depriving A&M of the use of the Master Recordings by his wrongful detention.

5.6     On the basis of Defendant's knowing, intentional, willful, and unlawful refusal to surrender possession, A&M has suffered and will continue to suffer irreparable harm, loss and damages in an amount to be determined at trial.

## VI.     FOURTH CAUSE OF ACTION:

### Unjust Enrichment

6.1     The above paragraphs 1.1 through 5.6 are incorporated herein by reference.

6.2     Pursuant to the Artist Agreement, the Artists transferred their rights and interests in the Master Recordings to A&M.

6.3     Despite multiple written demands and notice, Defendant has refused to surrender possession of the Master Recordings to A&M and continues to wrongfully

COMPLAINT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

possess A&M's property.

6.4     Defendant has been unjustly enriched at the expense of A&M and should

be required to disgorge any money or other financial benefit retained as a result of his

unjust enrichment.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     For issuance of an order directing Defendant to immediately surrender

possession of the Master Recordings to A&M immediately;

2.     For judgment in favor of A&M against Defendant for conversion, trespass

to chattels, and unjust enrichment, awarding monetary damages to Plaintiff in an amount

to be proven at trial;

3.     For pre-judgment and post-judgment interest on the judgment amounts;

4.     For Plaintiff's reasonable attorneys' fees, costs and disbursements incurred

in this action, including but not limited to the costs of recovery, as provided for by court

rule, statute or other authority; and

5.     For such other and further relief as the Court may deem just and proper.

DATED this 12th day of March, 2015.

K & L Gates LLP

By: _____
David C. Neu, WSBA #33143
Lauren E. Sancken, WSBA #43470

Attorneys for Plaintiff
A&M Records, a division of UMG
Recordings, Inc.

COMPLAINT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| A&M Records, a division of UMG Recordings, Inc., as successor in interest to A&M Records, Inc.<br><br>Plaintiff(s),<br><br>vs.<br><br>Rajan Parashar, an individual<br><br>Respondent(s) | NO.   15-2-06051-1 SEA<br>ORDER SETTING CIVIL CASE SCHEDULE<br><br>ASSIGNED JUDGE:  North, Douglass, Dept. 30<br><br>FILED DATE: 3/12/2015<br>TRIAL DATE: 3/21/2016<br>SCOMIS CODE:  *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |

## I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**

A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**

A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**

When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**

*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**

A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**

All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 3/12/2015 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 8/20/2015 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 8/20/2015 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 9/3/2015 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)] | 10/19/2015 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(b)] | 11/30/2015 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 12/14/2015 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 12/14/2015 |
| | **DEADLINE** for Discovery Cutoff [See KCKCR 37(g)] | 2/1/2016 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 2/22/2016 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 2/29/2016 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 2/29/2016 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 3/7/2016 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 3/14/2016 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 3/14/2016 |
| | Trial Date [See KCLCR 40] | 3/21/2016 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   3/12/2015 _____        _____

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
 **A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**
**A. Noting of Motions**
 **Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**    Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents:** All original documents **must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

1

2

3

4

5

6

7      IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                IN AND FOR THE COUNTY OF KING

8

9    A&M RECORDS, a division of UMG
     RECORDINGS, INC., as successor-in-                No.
10   interest to A&M RECORDS, INC., a
     Delaware corporation,                             SUMMONS [20 DAYS]
11
                                      Plaintiff,
12
            v.
13
     RAJAN PARASHAR, an individual,
14
                                      Defendant.
15

16
     TO THE DEFENDANT:
17
            A lawsuit has been started against you in the above-entitled Court by Plaintiff
18
     A&M Records, a division of UMG Recordings, Inc., as successor-in-interest to A&M
19
     Records, Inc.  Plaintiff's claim is stated in the written Complaint, a copy of which is
20
     served upon you with this Summons.
21
            In order to defend against this lawsuit, you must respond to the Complaint by
22
     stating your defense in writing, and serve a copy upon the person signing this Summons
23
     within 20 days after the service of this Summons, excluding the day of service, or a
24
     default judgment may be entered against you without notice.  A default judgment is one
25
     where plaintiff is entitled to what he asks for because you have not responded.  If you


SUMMONS [20 DAYS] - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court.  If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 12th day of March, 2015.

K & L Gates LLP

By:

David C. Neu, WSBA #33143
Lauren E. Sancken, WSBA #43470

Attorneys for Plaintiff
A&M Records, a division of UMG
Recordings, Inc.

SUMMONS [20 DAYS] - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The Honorable Douglass North

1

2

3

4

5

6

7              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                          IN AND FOR THE COUNTY OF KING

8

9   A&M RECORDS, a division of UMG
    RECORDINGS, INC., as successor-in-        No. 15-2-06051-1 SEA
10  interest to A&M RECORDS, INC., a
    Delaware corporation,                     ACCEPTANCE OF SERVICE OF
11                                            SUMMONS AND COMPLAINT
                              Plaintiff,
12

13          v.

14  RAJAN PARASHAR, an individual,

                              Defendant.
15

16          The undersigned, James Harlan Corning and Warren Rheaume, attorneys with the

17  law firm of Davis Wright Tremaine LLP, hereby state that they have been authorized by

18  Rajan Parashar, the above-named Defendant, to accept service of process on his behalf.

19  We hereby accept service of process of Plaintiff's (1) Summons, (2) Complaint, and

20  (3) Order Setting Civil Case Schedule on behalf of Defendant Rajan Parashar.  This

21  Acceptance of Service is intended to be in lieu of personally serving or serving by

22  publication the aforementioned documents on the Defendant.  Additionally, the Defendant

23  hereby waives any defense based on insufficiency of service of process of the

24  aforementioned documents.

25

ACCEPTANCE OF SERVICE - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1     DATED this 16 day of March, 2015.

2                                       DAVIS WRIGHT TREMAINE LLP

3

4                                       By: _____
                                            James Harlan Corning, WSBA # 45177
5                                           Warren J. Rheaume, WSBA # 13627

6                                       Attorneys for Defendant
                                        Rajan Parashar
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ACCEPTANCE OF SERVICE - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022