IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| A&M RECORDS, a division of UMG RECORDINGS, INC., as successor-in-interest to A&M RECORDS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJAN PARASHAR, an individual,<br><br>Defendant. | No.<br><br>COMPLAINT |

Plaintiff A&M Records, a division of UMG Recordings, Inc., as successor-in-interest to A&M Records, Inc. ("A&M"), through its undersigned attorneys, K&L Gates LLP, complains and alleges as follows:

### I.   PARTIES, VENUE AND JURISDICTION

1.1   Plaintiff A&M is a Delaware corporation. A&M is the owner of certain master recordings, as described in more detail below, embodied on the album "Temple of the Dog" (the "Album"), the personal property that is the subject of this lawsuit.

1.2   Defendant Rajan Parashar ("Raj Parashar" or "Defendant") is an individual who resides in Washington State.

COMPLAINT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1.3   All actions giving rise to this Complaint concern the master recordings embodied on the Album. Upon information and belief, the Album was recorded at London Bridge Studios in Seattle, Washington in the early 1990s. Upon information and belief, London Bridge Studios was owned by Defendant and his brother, Rakesh Parashar ("Rick Parashar"), at the time of recording the Album.

1.4   The Superior Court of Washington for King County has jurisdiction over the Parties pursuant to RCW Ch. 7.64 and over the subject matter of this action pursuant to RCW 2.08.010.

1.5   Venue is proper in the Superior Court of Washington for King County pursuant to RCW 4.12.010(2) because the personal property is located in King County, Washington, and pursuant to RCW 4.12.020(3) because the Defendant resides in King County.

## II.   FACTUAL ALLEGATIONS

### A.   The Temple of the Dog Agreements.

2.1   Temple of the Dog was a Seattle-based band, formed in 1990, comprised of Christopher Cornell, Stone Gossard, Matthew Cameron, Michael McCready, and Jeff Ament (collectively, the "Artists").

2.2   Over a period of 15 days, in November and December 1990, the Artists recorded music for the Album.

2.3   On or around February 13, 1991, A&M Records, Inc. and the Artists entered into an agreement (the "Artist Agreement") whereby the Artists agreed to deliver the master recordings of the Album, including phonograph records and other reproductions made therefrom, together with the embodied performances, and all copyrights, renewals and extensions (collectively, the "Master Recordings") to A&M and

COMPLAINT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

acknowledged that A&M owns the Master Recordings under the terms of the Artist Agreement.

2.4     On or around April 16, 1991, the Album was released.

2.5     On or around December 3, 1993, the Artists and Rick Parashar, entered into an agreement (the "Producer Agreement"), whereby Rick Parashar agreed to produce the Album. On information and belief, the Producer Agreement memorialized the terms of an earlier oral agreement pursuant to which Rick Parashar agreed to produce the Album. Defendant was not a signatory to the Producer Agreement, and upon information and belief, Defendant was not a signatory to any agreements with the Artists or with A&M.

2.6     As reflected in Section 2 of the Producer Agreement, Rick Parashar and Temple of the Dog agreed to the following terms regarding ownership of the Album and its embodiments:

> [Rick Parashar] hereby acknowledge[s] and agree[s] that the Masters and all phonograph records and other reproductions made therefrom, together with the performances embodied therein and all copyrights therein and thereto, and all renewals and extensions thereof, shall, as between [Rick Parashar] and [the Artists], be entirely [the Artists'] property, free of any claims whatsoever by [Rick Parashar] or any other person, firm, or corporation.

2.7     Pursuant to Section 3 of the Producer Agreement, Rick Parashar and the Artists agreed to the following terms regarding compensation:

> In full consideration of any and all services rendered by [Rick Parashar] with respect to the Masters and for any and all rights granted by [Rick Parashar] to [the Artists] with respect thereto, [the Artists] shall pay to [Risk Parashar] the sum of Thirty-Five Thousand Dollars ($35,000), payable promptly after [Rick Parashar's] execution hereof. [Rick Parashar] hereby acknowledge[s] that [he is] not entitled to any royalties, fees or other compensation whatsoever with respect to the services performed by

COMPLAINT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

[Rick Parashar] in connection with the Masters or any exploitation thereof except as expressly provided herein.

2.8     On information and belief, on or about February 3, 1994, pursuant to the terms of the Producer Agreement, Rick Parashar was paid a sum of $35,000 in full consideration for his work in producing the Album.

2.9     Plaintiff A&M, a division of UMG Recordings, Inc. became the successor-in-interest to A&M Records, Inc.

**B.     A&M's Discovery of Defendant's Wrongful Possession of the Master Recordings.**

2.10    Prior to May 14, 2013, A&M believed the Artists to be in possession of the Master Recordings. On or about May 14, 2013, a representative of the Artists contacted A&M and informed A&M that Defendant and Rick Parashar were in possession of the Master Recordings.

**C.     A&M's Demands for the Master Recordings.**

2.11    On or about October 28, 2013, Todd Waxler, Senior Director of Business Affairs for Universal Music Enterprises, a division of UMG Recordings, Inc., sent a letter to Matthew Freeman, manager for Rick Parashar, notifying him that the Master Recordings are A&M's property, that A&M is entitled to immediate possession.

2.12    After receiving no response, on or about November 4, 2013, Mr. Waxler again sent a letter to Mr. Freeman. Mr. Freeman eventually responded that Defendant, not his brother Rick Parashar, was in possession of the Master Recordings.

2.13    On or about November 11, 2013, Mr. Waxler again sent a letter to Defendant notifying him that the Master Recordings are A&M's property and demanded that Defendant immediately surrender possession to A&M.

2.14    On or about December 12, 2013, Mr. Waxler again followed up with Defendant regarding the immediate surrender of the Master Recordings. On or about

COMPLAINT - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

December 19, 2013, Defendant responded that his business manager, Madelyn Loreen, would be handling the matter.

2.15   On or about August 14, 2014, Rick Parashar passed away.

2.16   Despite multiple demands, Defendant refuses to surrender possession of the Master Recordings to A&M.

### III.   FIRST CAUSE OF ACTION:

#### Action for Replevin

3.1   The above paragraphs 1.1 through 2.16 are incorporated herein by reference.

3.2   A&M has an ownership right in the Master Recordings.

3.3   Defendant is in possession of the Master Recordings.

3.4   Despite multiple written demands and notice, Defendant has refused to surrender possession of the Master Recordings to A&M.

3.5   A&M is entitled to immediate delivery and possession of the Master Recordings under RCW Ch. 7.64.

### IV.   SECOND CAUSE OF ACTION:

#### Conversion

4.1   The above paragraphs 1.1 through 3.5 are incorporated herein by reference.

4.2   A&M has an ownership right in the Master Recordings.

4.3   Defendant is in possession of the Master Recordings.

4.4   Despite multiple written demands and notice, Defendant has refused to surrender possession of the Master Recordings to A&M.

4.5   Defendant has no basis, in contract or otherwise, upon which to demand payment or to withhold possession of the Master Recordings from A&M.

4.6   Defendant is knowingly, intentionally, and willfully interfering with

COMPLAINT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

A&M's lawful right to possession of the Master Recordings and depriving A&M of the use of the Master Recordings by his wrongful detention.

4.7   On the basis of Defendant's knowing, intentional, willful, and unlawful refusal to return the Master Recordings, A&M has suffered and will continue to suffer irreparable harm, loss and damages in an amount to be determined at trial.

## V.   THIRD CAUSE OF ACTION:

### Trespass to Chattels

5.1   The above paragraphs 1.1 through 4.7 are incorporated herein by reference.

5.2   A&M has an ownership right in the Master Recordings.

5.3   Defendant is in possession of the Master Recordings.

5.4   Despite multiple written demands and notice, Defendant has refused to surrender possession of the Master Recordings to A&M.

5.5   Defendant is willfully interfering with A&M's lawful right to possession of the Master Recordings and is depriving A&M of the use of the Master Recordings by his wrongful detention.

5.6   On the basis of Defendant's knowing, intentional, willful, and unlawful refusal to surrender possession, A&M has suffered and will continue to suffer irreparable harm, loss and damages in an amount to be determined at trial.

## VI.   FOURTH CAUSE OF ACTION:

### Unjust Enrichment

6.1   The above paragraphs 1.1 through 5.6 are incorporated herein by reference.

6.2   Pursuant to the Artist Agreement, the Artists transferred their rights and interests in the Master Recordings to A&M.

6.3   Despite multiple written demands and notice, Defendant has refused to surrender possession of the Master Recordings to A&M and continues to wrongfully

COMPLAINT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

possess A&M's property.

6.4     Defendant has been unjustly enriched at the expense of A&M and should be required to disgorge any money or other financial benefit retained as a result of his unjust enrichment.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     For issuance of an order directing Defendant to immediately surrender possession of the Master Recordings to A&M immediately;

2.     For judgment in favor of A&M against Defendant for conversion, trespass to chattels, and unjust enrichment, awarding monetary damages to Plaintiff in an amount to be proven at trial;

3.     For pre-judgment and post-judgment interest on the judgment amounts;

4.     For Plaintiff's reasonable attorneys' fees, costs and disbursements incurred in this action, including but not limited to the costs of recovery, as provided for by court rule, statute or other authority; and

5.     For such other and further relief as the Court may deem just and proper.

DATED this 12th day of March, 2015.

K & L Gates LLP

By: _____
David C. Neu, WSBA #33143
Lauren E. Sancken, WSBA #43470

Attorneys for Plaintiff
A&M Records, a division of UMG Recordings, Inc.

COMPLAINT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022